In re BROCKTON IDEAL SHOE CO.

(Circuit Court of Appeals, Second Circuit. January 13, 1913.)

No. 110.

1. BANKRUPTCY (§ 136*)—CORPORATION—PROCEEDING TO RECOVER PROPERTY FROM OFFICER—PETITION.

A District Court has jurisdiction to order an officer of a bankrupt corporation to turn over property of the corporation, which he holds without himself making an adverse claim to it; and in a petition by the trustee for such an order it is sufficient to allege that the officer wrongfully holds property of the corporation, leaving it to him to set up any adverse claim he may have.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 233, 235; Dec. Dig. § 136.*]

2. BANKRUPTCY (§ 136*)—CORPORATION—PROCEEDING TO RECOVER PROPERTY FROM OFFICER—PETITION.

The petition of the trustee of a bankrupt corporation for an order requiring an officer of the corporation to turn over property alleged to belong to it *held* insufficient, in that it did not show that the property was in his possession.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 233, 235; Dec. Dig. § 136.*]

Petition for Revision of Proceedings of the District Court of the United States for the Southern District of New York; Learned Hand, Judge.

In the matter of the Brockton Ideal Shoe Company, bankrupt. Ancillary petition by Thomas F. Dolan, trustee, to require Ignatz Roth to turn over property. On petition by the trustee for revision of an order sustaining a demurrer to his said petition. Affirmed.

See, also, 200 Fed. 745.

Lesser Bros., of New York City (W. Lesser, of New York City, of counsel), for petitioner.

Rosenberg & Lewis, of New York City (J. N. Rosenberg and Chas. E. Casey, both of New York City, of counsel), for respondent.

Before LACOMBE, WARD, and NOYES, Circuit Judges.

PER CURIAM. [1] If the petition contained sufficient allegations that Roth had possession of the goods in question, we think the position of the petitioner would be correct. It would not be necessary, as the memorandum of the District Judge seems to indicate, for him to aver facts from which it would appear that Roth made claim to them and that his claim was a sham. The District Court has jurisdiction to order an officer of a bankrupt corporation to turn over property of such corporation which he holds without himself making any adverse claim to it. It is only when an adverse claim is shown that it is necessary to go further and aver that it is only colorable. As a matter of pleading it seems to us quite sufficient to aver that an officer of a bankrupt corporation wrong-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

fully holds its property, and to let him set up the defense that he holds it by virtue of an adverse claim. When he does set up such a claim, the petitioner might then reply that it was merely colorable; but he need not negative it at the outset in his pleadings.

[2] The real difficulty with the petition now before us is that, although it is inordinately long and is filled with wholly irrelevant matter, it most studiously avoids making any averment that Roth has possession of the goods. The facts set forth in the petition are these: Roth was (and is) the treasurer of the bankrupt company and holds a large majority of the stock. The bankrupt's salesroom was at 149 Duane street. Two months before bankruptcy 37 cases of goods belonging to the bankrupt were removed from its premises to 477 Broome street. Three weeks before bankruptcy 66 cases were likewise removed from bankrupt's premises to 477 Broome street. The firm of C. A. Auffmordt & Co., mercantile bankers who have financed the business of another corporation, "Ignatz Roth, Incorporated" (in which it may be presumed that Roth has some interest), has a branch at 477 Broome street and pays the rent of the premises where that branch is located. Roth has an office with them for which he pays no rent.

There is certainly nothing here to indicate that the goods are in the possession or control of Roth. On the contrary, they seem to be in the possession and control of C. A. Auffmordt & Co. The general averment in the concluding paragraph of the petition of the legal conclusion that "Roth is now wrongfully withholding from the trustee the goods aforesaid, without right, or warrant, or authority of law," is not sufficient to help out the insufficient averments of fact, or to require the court to accept a conclusion different from that which the averments of fact indicate.

The order is affirmed.