### In re KRAMER et al.

(District Court, E. D. Pennsylvania. November 9, 1914.)

No. 4344.

1. BANKRUPTCY (§ 293*)—JURISDICTION OF COURT—SUMMARY PROCEEDINGS.

In a summary proceeding by a trustee to require a third person to turn over money and property alleged to belong to the bankrupt estate, the court of bankruptcy has jurisdiction to determine the question whether respondent has such money or property; a denial of possession not being the assertion of an adverse claim.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 411, 417; Dec. Dig. § 293.*]

2. BANKRUPTCY (§ 15*)—PARTNERSHIP—JURISDICTION OVER PARTNERS.

A court of bankruptcy, in proceedings against a partnership, has no jurisdiction to administer upon the estate of an alleged secret partner, when he is neither declared a bankrupt nor found insolvent.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 21; Dec. Dig. § 15.*]

In Bankruptcy. In the matter of Harry Kramer and Michael Muchnick, individually and as partners composing the firm of Kramer &

Muchnick. On certificate of referee sur petition for an order upon Jacob Baras. Reversed.

See, also, 210 Fed. 977.

Alfred T. Steinmetz and Carr, Beggs & Steinmetz, all of Philadelphia, Pa., for trustee.

Clinton O. Mayer, of Philadelphia, Pa., for Jacob Baras.

THOMPSON, District Judge. Upon the petition of the trustee, a rule was granted upon Jacob Baras to show cause why an order should not be made upon him to pay and deliver to the trustee the sum of $19,640.96, alleged to be held by Baras in secret trust for the bankrupts, Kramer and Muchnick. An answer was filed by Baras, whereupon a special reference was made to the referee to ascertain and report the facts, together with the testimony and his findings thereon.

The allegations in the petition are to the effect that the bankrupts, in pursuance of a fraudulent conspiracy entered into by the bankrupts and Baras, had transferred to Baras various sums of money, to be retained and kept by him for the benefit and use of the bankrupts for the purpose of defrauding their creditors. The answer of Baras denies the conspiracy, denies that any money was paid over to him, which he held or is holding as the property of the bankrupts, and denies that he has in his possession or control the sums of money set out in the petition, or that he has any money whatsoever which is the property of the bankrupts.

In the report and opinion of the referee he finds that Baras has taken possession of certain carpet, the property of the firm, but concludes, after considering the testimony taken, for reasons hereafter stated, that he cannot in a summary proceeding find as a fact against contradictory testimony that the respondent has in his possession definite sums of money as alleged in the petition, citing the cases of In re Green (D. C.) 207 Fed. 693, and In re Blum, 202 Fed. 883, 121 C. C. A. 241. The referee concludes, however, that the testimony establishes a prima facie liability of Baras as a quasi partner in tort in the firm of Kramer & Muchnick as far as the creditors are concerned, and therefore that Baras is liable as a partner to deliver over moneys in the amount of the unpaid debts of the bankrupts. The referee thereupon made the following order:

"I therefore enter an order on Jacob Baras to pay over the value of the goods taken from the premises of the bankrupts as shown in this proceeding, and to pay the costs of this proceeding; and I further enter a rule on the said Jacob Baras to show cause why he should not pay over to the trustee as a partner the amount of $36,336.14, the amount of the liabilities of the firm, with interest to be added from the date of the adjudication."

[1] Upon the entry of the order, the trustee filed a petition for a certificate of review, in which he assigns error to the action of the referee in his refusal to make an order upon Baras to pay, based upon the following reasons stated in the referee's opinion, which are assigned as error:

(1) "I do not see any distinction between the denial of Baras that he received the money and the case that would be presented if he acknowledged the receipt and testified to a colorable title. In other words, in a summary

proceeding I cannot assume the function of a jury in passing upon the credibility of witnesses."

(2) "I do not see how the scope of the referee in passing upon the credibility of testimony is affected by the fact that the person charged in the proceeding denies possession, instead of setting forth a claim of colorable title."

(3) "While Muchnick testified freely and without the embarrassment shown on his first examination, which induces me to find his story quite convincing and the contradictions in Baras' testimony affect its credibility, I feel that, as against his unqualified denial of the receipt of the moneys charged against him, it is his right to have the truth of the testimony and merits of the claim determined, if he so prefers, in a plenary suit."

(4) "I therefore, as it involves passing upon the truthfulness of testimony, cannot find as a fact that Baras received other moneys than the repayment of indebtedness with usurious interest."

I think the learned referee has misapprehended the effect of the decisions in the cases of In re Green, In re Blum, and the case of In re Yorkville Coal Co., 211 Fed. 619, 128 C. C. A. 570, in that he has extended the rule there adopted as to the power of a bankruptcy court in a summary proceeding in passing upon a question of whether a claim to property is an adverse claim, by applying that rule to the inquiry as to whether money or property which it is sought to recover as belonging to the bankrupt estate is in the possession or control, or has come into the possession or control, of the respondent. To quote from the opinion of this court in the case of In re Green:

"As I construe the decisions, the determination of questions of fact is for a jury or a chancellor in a plenary suit, if the uncontradicted facts asserted are sufficient, if true, to make out a real adverse claim, no matter how ill-supported it may appear to be."

The Green Case is supported by the decision of the Circuit Court of Appeals for the Second Circuit in the case of In re Yorkville Coal Co. In that case the court said:

"The basis of an *adverse claim* is disclosed by the testimony, when it is of such a nature that, if submitted in a court and no evidence is offered in contradiction, it would be sufficient to support a judgment in favor of the claimant. A claim is not adverse if it consists merely in a refusal to turn over property to the trustee, but it is not prevented from being adverse because it is based on false testimony, or originates in a fraudulent transaction."

The court concludes:

"The bankruptcy court in a summary proceeding may inquire whether a claim is not merely asserted (colorable), but whether there are facts which, if true, would be the basis for a legal claim. Whether the facts are true, or fraudulent, or false, or fictitious, it cannot determine without the claimant's consent. It is the claimant's right to have the truth of the testimony and the merits of the claim determined, if he so prefers, in a plenary suit."

The trustee in his petition asserts (1) that certain moneys have come into the possession of the respondent; (2) that the moneys are the moneys of the bankrupt estate. In the cases of In re Green, In re Blum, and In re Yorkville Coal Co., no question of the possession of money or property was raised, and the rule adopted was applied in each case to a claim to the right of possession by a party admitting possession. In Mueller v. Nugent, 184 U. S. 1, 22 Sup. Ct. 269, 46 L. Ed. 405, possession was admitted, but the facts set up by the respondent were held not to be sufficient in law to constitute a real ad-

verse claim, and summary proceedings were sustained because the evidence was held to establish a merely colorable claim.

If the position of the referee is correct, the object of summary proceedings for the recovery by the trustee of money or property of the bankrupts would be entirely defeated; for in no case, except where possession was admitted, and then, upon the assertion of an adverse claim, it was found that the claim was not real as a matter of law, but merely colorable, could an order be made for the return of the money or property, for if the trustee offered evidence to trace property into the possession of the respondent, and the respondent offered evidence to the contrary, the proceedings would come to an end without any claim of adverse title being even asserted. Certainly the situation is anomalous, if the court having jurisdiction of a bankrupt's assets cannot determine whether property claimed by its officer has or has not come into the possession of a third party. No question of the right to possession is thus determined, for if the trustee produces testimony to trace the property into the hands of the respondent, and the respondent denies possession, and upon that question the referee finds in favor of the trustee, the respondent may still have set up evidence to prove an adverse claim to the right to possession. In determining the question of possession, the referee must of necessity find the facts from the testimony on the part of the trustee and on the part of the respondent. In denying possession, the respondent does not in any sense put himself in the position of asserting an adverse claim, for he does not thereby assert any claim. If the property is found to have come into his possession, his claim must then be based upon the right to possession.

In the present case the question upon which the referee refused to make a finding of fact was not as to right to possession, but whether in fact the money in question had come into the respondent's hands, and I think he was in error in holding that he had no authority to pass upon the evidence to determine that question.

[2] 2. The second question in the case arises upon the petition of Baras for review of the action of the referee in entering a rule upon him to show cause why he should not pay over to the trustee as a partner the sum of $33,336.14, the amount of the liabilities of the firm, with interest to be added from the date of adjudication. Baras was not named in the creditors' petition in bankruptcy. In order to sustain the action of the referee in entering the rule to hold Baras liable as a quasi partner, the bankruptcy court must in some manner have obtained jurisdiction over his assets as a partner in the firm of Kramer & Muchnick. No argument was advanced by counsel for the trustee to sustain the action of the referee, and I think, in view of the decision of the Supreme Court in Francis v. McNeal, 228 U. S. 695, 33 Sup. Ct. 701, 57 L. Ed. 1029, the referee had no jurisdiction to enter the rule to show cause. The question here is quite similar to that involved in the case of In re Samuels, 215 Fed. 845, 132 C. C. A. 187, where the practice in proceedings before the referee is discussed in view of the decision in the case of Francis v. McNeal. I think it may be regarded as definitely settled that a court of bankruptcy in

proceedings against a partnership has no jurisdiction to administer upon the estate of an alleged secret partner without declaring him a bankrupt or finding him insolvent.

The practice in this case is not warranted by any provision of the Bankruptcy Act. The case, therefore, will be remanded to the referee, for further report upon his findings under the original reference, and the rule upon Baras, entered June 18, 1914, vacated.