In re JOSEPH R. MARQUETTE, JR., Inc.

(Circuit Court of Appeals, Second Circuit. November 13, 1918.)

No. 58.

1. BANKRUPTCY ⚭136(1)—SUMMARY PROCEEDINGS.

   A bankrupt may be summarily ordered to surrender to his trustee any assets of the estate found in his possession, and for failure to obey such order may be committed as for contempt.

2. BANKRUPTCY ⚭288(1)—SUMMARY PROCEEDINGS.

   Where the trustee has possession of and legal title to any property, the bankruptcy court in summary proceedings may adjust demands for the property; but, where the trustee has not title and possession, an adverse claim to property demanded by him cannot be summarily determined.

3. BANKRUPTCY ⚭288(1)—SUMMARY PROCEEDINGS.

   Where the bankrupt is a corporation, summary proceedings may lie to recover corporate property in the possession of an officer thereof who makes no personal claim to it; but as against another than the bankrupt, who sets up title in himself, his claim, if more than colorable, cannot be disposed of, except by plenary suit.

4. BANKRUPTCY ⚭288(1)—SUMMARY PROCEEDINGS.

   Where imported merchandise was deposited by the owner in a bonded warehouse, and after organizing a corporation such owner pledged the warehouse receipt as collateral security for a corporate debt, *held* that,

---

⚭For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

as title remained in him, his claim to the property, which he asserted on bankruptcy of the corporation, could not be disposed of in summary proceedings.

Petition to Revise Order of the District Court of the United States for the Eastern District of New York.

In the matter of Joseph R. Marquette, Jr., Incorporated, bankrupt. Petition by Joseph R. Marquette, Jr., individually, to revise an order rendered on petition of the trustee in summary proceedings restraining Marquette from interfering with the sale of certain merchandise, etc. Order reversed, and matter remanded, with directions to dismiss the trustee's petition.

The bankrupt corporation succeeded to the business of and was formed by Joseph R. Marquette, Jr., who became its president. Before incorporation Marquette individually became the owner of a considerable quantity of imported merchandise, which (duty not being paid) was deposited in a bonded warehouse, the proprietor of which issued the usual receipt for said merchandise to said Marquette individually.

Thereafter, the bankrupt corporation having been created, Marquette, on behalf of the corporation, borrowed money from a bank, and as collateral security transferred to the bank the warehouse receipt aforesaid. The merchandise could not be removed from warehouse without the consent of the collector of customs showing that it was duty paid before withdrawal. Bankruptcy having supervened, Marquette refused to sign applications for withdrawal unless the bank would stipulate to pay to him individually, and not to the trustee of the bankrupt corporation, whatever surplus might remain on the sale of the merchandise to liquidate the bankrupt's indebtedness to the bank. Apparently failing to obtain such stipulation, he transferred his right, title, and interest in and to said merchandise to a third party.

The trustee, becoming aware of this situation, brought by petition a summary proceeding against Marquette individually, seeking an order directing him to "instruct the collector of customs that he relinquishes and withdraws any claims which he" might have against said merchandise. After considering affidavits on both sides, the District Court ordered (1) that Marquette be restrained and enjoined from in any manner interfering with the sale by the bank of said merchandise; (2) that the bank and the trustee jointly offer the merchandise for sale, and any surplus over indebtedness be paid to the trustee; and (3) that Marquette be required to execute an instrument in writing signifying that he had no objection to the sale of said merchandise by the bank and the trustee jointly as aforesaid.

Marquette, in his answer to the trustee's petition, averred that the merchandise in question was not, and never had been, property of the bankrupt corporation, and objected to the jurisdiction of the court in the premises. After the passage of the order hereinabove summarized, he brought this petition to revise.

Patrick J. McDonald, of New York City, for petitioner.

Niebrugge & Maxfield, of New York City (Samuel C. Duberstein, of New York City, of counsel), for trustee in bankruptcy.

Rounds, Hatch, Dillingham & Debevoise, of New York City (Stephen Barker, of New York City, of counsel), for Battery Park Nat. Bank.

Before WARD, HOUGH, and MANTON, Circuit Judges.

HOUGH, Circuit Judge (after stating the facts as above). The petitioner, Marquette, never submitted himself to the jurisdiction of the court below, but insisted, and still insists, upon his right as an ad-

verse claimant to a plenary suit. The rules regarding this matter laid down by this court for this circuit may for the purposes of this litigation be restated as follows:

[1] A bankrupt may be summarily ordered to surrender to his trustee any assets of the estate found in his possession, and for failure to obey such order may be committed as for a contempt. In re Schlesinger, 102 Fed. 117, 42 C. C. A. 207.

[2, 3] Where the trustee has possession of, and legal title to, any given piece of property, the bankruptcy court in summary proceedings may adjust demands for said property, or any portion thereof, including the determination of such a question as the validity of a mortgage upon the property so in possession. In re Kellogg, 121 Fed. 333, 57 C. C. A. 547. But, where the trustee has not title and possession, an adverse claim to property demanded by him cannot be summarily determined. In re Baudouine, 101 Fed. 574, 41 C. C. A. 318. Where the bankrupt is a corporation, summary proceedings may lie to recover property of the corporation in the possession of an officer thereof, who makes no personal claim to said property. In re Brockton Ideal Shoe Co., 202 Fed. 199, 120 C. C. A. 447. But as against another than the bankrupt, who sets up title in himself, his claim, if more than colorable, cannot be disposed of otherwise than by plenary suit; summary proceedings will not lie. "Colorable" was defined in Re Yorkville Coal Co., 211 Fed. 619, 128 C. C. A. 570, and extended to cover a question of law, as distinct from one of fact, in Re Midtown Contracting Co., 243 Fed. 56, 155 C. C. A. 586.

[4] Applying these rules to the present case: Undoubtedly the bank, by the transfer of the warehouse receipt, had symbolical possession of the merchandise in question; but on the face of the papers Marquette individually remained the owner at least of the equity in the property hypothecated to secure the debt of his corporation. The issue in this proceeding is whether Marquette did or did not turn this merchandise into the corporation he formed, as he admittedly did do with most of his other belongings. This is a question of fact, and suggestive of several debatable points of law, and is plainly not such a matter as, over timely objection to jurisdiction, could be summarily disposed of by a court sitting in bankruptcy, guided by the above-cited decisions.

The order under review is reversed, with costs of this court, and the matter remanded, with directions to dismiss the petition.