In re FRANKLIN BREWING CO. (two cases).

(Circuit Court of Appeals, Second Circuit. January 14, 1920.)

Nos. 94, 95.

1. BANKRUPTCY ⊙⇒288(1)—COURT WITHOUT SUMMARY JURISDICTION OF ADVERSE CLAIM.

A court of bankruptcy *held* without summary jurisdiction to determine, on petition of the trustee of a bankrupt corporation, that salaries voted and paid by the corporation to its officers were illegal, and to order their return over objection of such officers and their contention that the action of the corporation was legal and valid.

2. BANKRUPTCY ⊙⇒145(1)—RIGHT OF TRUSTEE TO RECOVER SALARIES PAID BY CORPORATION.

Salaries, not unreasonable in amount, voted and paid by the directors of a corporation, who also owned a large majority of its stock, to certain officers of the corporation for past services, without objection by any stockholder or creditor, *held* not recoverable by the trustee on behalf of subsequent creditors, on bankruptcy of the corporation more than 10 years later.

Petitions to Revise Orders of the District Court of the United States for the Eastern District of New York.

In the matter of the Franklin Brewing Company, bankrupt. On petitions of Henry Doscher and of Henry Doscher and others, executors of Claus Doscher, deceased, to revise orders of the District Court. Reversed.

See, also, (D. C.) 257 Fed. 135.

Petitions to revise and review orders of the District Court for the Eastern District of New York, which directed the petitioners to pay to the trustees in bankruptcy the sum of $1,000, with interest, in the case of Henry Doscher, petitioner, and $11,000, with interest, in the case of Henry Doscher, John Doscher, and Charles Doscher, as executors of Claus Doscher, deceased, petitioners. The petitioners appeal. Orders reversed and remanded, with directions to dismiss the petitioner's application.

Henry F. Cochrane, of Brooklyn, N. Y., for petitioners.
Samuel Evans Maires, of Brooklyn, N. Y., for respondents.

Before WARD, HOUGH, and MANTON, Circuit Judges.

MANTON, Circuit Judge. The Franklin Brewing Company is a domestic corporation and has been organized since July, 1903. The late Claus Doscher was president and a director of the corporation from January 21, 1904, to the date of his death July 6, 1910. He was also a stockholder. Henry Doscher was the vice president and likewise a director and a stockholder. Charles Doscher, a son of Claus Doscher, was the secretary and also a director and stockholder; John Doscher, another son, was also a director and stockholder. The above named, together with Henry F. Cochrane, Esq., their attorney, held all the stock of the company.

On January 8, 1906, a resolution of the board of directors was ap-

⊙⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

proved giving to Henry Doscher $1,000 for his services rendered prior to January 1, 1906, and awarded him an allowance for salary at the rate of $500 per year thereafter. On December 20, 1906, at a meeting of the board of directors, a resolution was approved re-electing Claus Doscher president of the corporation and awarding him the sum of $12,000 per annum as compensation for services commencing the 1st day of January, 1906. The corporation was adjudicated a bankrupt on the 5th of March, 1917, and the present trustees were appointed on March 19, 1917.

Claus Doscher's last will was duly probated, executors were appointed, and it appears that they have qualified and acted as executors. They have paid all the debts due and owing by the estate, and the only unsettled business of the estate is the claim made by the executors against the bankrupt corporation for moneys advanced. After their appointment the trustees, by this petition, sought to recover for the estate of the bankrupt, in the case of Henry Doscher, $3,500, with interest from January 25, 1906, alleging that this sum was paid for services performed prior to the passage of the resolution herein referred to, and that such payment was illegal and void and a fraud upon the creditors. The District Judge granted the petition to the extent of $1,000 and denied as to the balance, $2,500.

In the case of Claus Doscher, the District Judge granted the petition directing the executors to pay $11,000, with interest from the 1st of January, 1907, thus finding that this sum was paid prior to the approval of the resolution awarding salary compensation to Claus Doscher for services antedating the date of such resolution. Henry Doscher and the executors of Claus Doscher, feeling aggrieved, seek by these petitions, to review and revise the orders of the District Court.

[1] At the outset, the orders are attacked upon the ground that the bankruptcy court had no jurisdiction or power in the summary proceedings to make the orders sought to be revised. This objection was raised by the petitioners in their answer to the petition, wherein it was asserted in paragraph 3, that—

"The respondents allege that the claim set forth in the petition herein is not cognizable by this court on a summary application, and that this court is without jurisdiction to hear and determine this application or any question arising out of the claim herein presented."

The same contention was presented to the District Judge when the matter came on for a hearing before the court, and on May 13, 1919, the District Judge, in a memorandum, announced that the court had jurisdiction over the issues and ordered a reference before a master. Thereafter counsel representing the petitioners took part in the hearing, which proceeded under a summary jurisdiction of the court. The majority of the court is of the opinion that the objection to the jurisdiction of the court in thus proceeding was sufficiently raised. We think the petitioners occupied the position of adverse claimants. Gratiot County State Bank v. Johnson, etc., 249 U. S. 246, 39 Sup. Ct. 263, 63 L. Ed. 587. The property sought to be collected by the trustees from the respective petitioners was not in the possession of

the trustees, and they did not have title thereto. It is subject to an adverse claim by the petitioners, namely, that they resist the right of collection and the obligation to pay.

They contend that the money was due and owing to them for services, that it was legally paid, and that without objection to those who might object if illegally paid, to wit, the stockholders and the then creditors. Where the trustee has not title and possession, and there is outstanding an adverse claim, the property cannot be ordered summarily to be delivered to the trustee. In re Baudouine, 101 Fed. 574, 41 C. C. A. 318. Where the bankrupt is a corporation, summary proceedings may lie to recover property of the corporation in the possession of an officer thereof who makes no personal claim to said property. In re Brockton Ideal Shoe Co., 202 Fed. 199, 120 C. C. A. 447. But that is not this case. Here there is more than a colorable claim, and it cannot be disposed of other than by a plenary suit. In re Yorkville Coal Co., 211 Fed. 619, 128 C. C. A. 570. From the arguments and briefs, it appears that the question of law, as contended for by the petitioners, of the right to make such payment for past services, is more than colorable. Where a question of law and fact is thus presented, the procedure must be by plenary suit. In re Midtown Contracting Co., 243 Fed. 56, 155 C. C. A. 586; In re Joseph R. Marquette, 254 Fed. 419, 166 C. C. A. 51.

[2] The moneys in question were paid upwards of 10 years before this application to compel payment by the petitioners, and in that time it appears that the estate of Claus Doscher had been practically wound up and its affairs completed. The petitions charge fraud in such payments, as well as illegality because there was payment for salaries for past services to officers of the corporation. We see no justification in the evidence for the claim of fraud. When the resolution was passed and the payments made, upwards of 10 years ago, no one contends that the Franklin Brewing Company contemplated bankruptcy, or that its creditors intended to petition in involuntary proceedings. The stockholders could not complain, because they were parties to the resolution. All of the stockholders, with the exception of the attorney, Henry F. Cochrane, were directors, and approved the resolution. Mr. Cochrane did not, and does not now, complain. No existing creditors could complain, because they were or have all been paid, and were not injured by the payment to the corporate officers. The present creditors of the corporation are persons who have since such payment become creditors.

A director cannot, with propriety, vote in his board of directors, in a matter affecting his private interest; but his fellow directors, who have no personal interest in the matter, may vote. If an interested director does vote, the resolution becomes voidable at the instance of the corporation or the shareholders without regard to its fairness, but this is so providing the vote of the director was essential and necessary to the passage of the resolution. Carr v. Kimball, 153 App. Div. 825, 139 N. Y. Supp. 253. Such action by an interested director is not void, but voidable. Jacobson v. Brooklyn Lumber Co., 184 N. Y. 152, 76 N. E. 1075; Godley v. Crandall & Godley Co., 212 N. Y.

121, 105 N. E. 818, L. R. A. 1915D, 632. Such acts, which may be ultra vires, but not fraudulent, and which are voidable only, may be ratified by the majority of the stockholders. Leslie v. Lorillard, 110 N. Y. 519, 18 N. E. 363, 1 L. R. A. 456. There does not appear to be anything unreasonable or excessive in the salaries allowed for services performed, and the law does not operate to deprive the company of the services of those who may possess the necessary skill or business requirements to a successful management and conduct of the corporate business and who may have the most vital interest in its participation. Because the petitioners were stockholders and directors does not forbid their being paid for salary, if the same is approved and ratified by the corporation, and we do not think that creditors 10 years later, who subsequently became such, may complain of such payments. Gardner v. Butler, 30 N. J. Eq. 702.

Even though the claim were presented in a summary way, as it was considered in the court below, the defense of the statute of limitations as a bar thereto was a right accorded to the petitioners. Pollitz v. Wabash R. Co., 207 N. Y. 113, 100 N. E. 721. If the trustees had proceeded in a plenary action in the equity division of the court, seeking equitable relief, the 10-year limitation on such claim under the New York statute would be available to the petitioners. If there was an illegal payment made, a cause of action for· its recovery rested, then, with the shareholders and creditors, and the commencement of the ·time to sue under the statute of limitations began then. This, of course, is assuming that the resolution was void ab initio, because of a violation of the state law relating to corporations. Such a claim must rest upon the possession of the moneys by the petitioners without ownership therein, upon the theory that the corporation never divested itself of the ownership it was entitled to.

Even if we were to hold that the payment of salaries for services was wrong, it was voidable only, and not void. There is no right existing in the subsequent unsecured creditors of a bankrupt corporation to now insist that, upon the theory that they are entitled to share ratably in the assets of the fund in the hands of the trustees, they may now take advantage of the right then existing in the corporation to declare the payments void, and sue for the recovery of such wrongful payments.

Where the sole authority for the payment of salary between the officers of the corporation was a resolution adopted solely by a vote of the directors who were to be the direct beneficiaries, and who not only fixed their own compensation, but determined the value to the corporation of their contemplated services and who decided their duties, and where such services were valued at exorbitant sums, in such action, when tested promptly by those entitled to object, the moneys paid are properly held to be recoverable.

As we have pointed out, the merits of the right of the trustee to collect must, in this instance, like all others, be determined by the facts peculiar to this instant case. The petitions of the trustee should have been dismissed. ·

The orders are reversed.