## LOOSCHEN LAND & BUILDING CO. et al. v. MILSON.

### In re LOOSCHEN PIANO CASE CO.

(Circuit Court of Appeals, Third Circuit. July 3, 1920.)

No. 2520.

**Bankruptcy ☞288(1)—Court without summary jurisdiction to determine adverse claim.**

A court of bankruptcy *held* without summary jurisdiction to determine that the property and capital stock of a second corporation was the property of the bankrupt corporation, and to order them turned over to its trustee over objection of the corporation and its stockholders.

Petition for Review from the District Court of the United States for the District of New Jersey; J. Warren Davis, Judge.

In the matter of the Looschen Piano Case Company, bankrupt; Thomas H. Milson, trustee. From an order of the District Court, the Looschen Land & Building Company and others appeal. Reversed.

See, also, 259 Fed. 931; 261 Fed. 93.

William B. Gourley and Albert Comstock, both of Paterson, N. J., for appellants.

George D. Hendrickson, of Jersey City, N. J., and Horton & Tilt, of Paterson, N. J., for appellee.

Before BUFFINGTON and WOOLLEY, Circuit Judges, and ORR, District Judge.

BUFFINGTON, Circuit Judge. In the court below the Looschen Piano Case Company, a corporation of New Jersey, was adjudged bankrupt, and Thomas H. Milson was in due course elected trustee. Thereafter said trustee presented to the court below a petition, alleging that the property, assets, and effects owned by the Looschen Land & Building Company, another corporation, which was not in bankruptcy, was in fact the property of the bankrupt company, and praying that such property of the Land & Building Company should be turned over to the petitioner as trustee of the estate of the Looschen Piano Case Company, and that the holders of the stock of the Land & Building Company be required to deliver to the trustee of the bankrupt corporation their stock certificates in the Land & Building Company.

To this petition the Land & Building Company and the several stockholders individually answered, denying the ownership by the bankrupt company of the property of the Land & Building Company, alleging the bankrupt had never owned such property; that it had never conveyed it to the Land & Building Company, but that the latter company had title to and owned the real estate; that it was leased to the bankrupt and other tenants on rental; that none of the stock of the Land & Building Company was owned or controlled by the bankrupt corporation. By their answer, which was special, and their petition to dismiss, the respondents challenged the right of the court to proceed by petition as a step in the bankruptcy before it, and asserted, and have since continued to assert, a right to have the claim in question adjudicated in an independent plenary suit.

Over this protest, the case was proceeded with, testimony was taken before the referee, findings made by him, and a decree entered directing the Land & Building Company to turn over all its property, accounts, and papers to the trustee, to execute deeds and assignments to vest the fee of its real estate in the bankrupt's trustee, and the several stockholders of the Land & Building Company ordered to transfer their stock in such company to the trustee. On consideration of this order by the District Court, it was affirmed. Thereupon this petition to revise was taken to this court.

The case has had our careful consideration, and we have reached the conclusion that the situation, readily distinguishable from that in Re Muncie Pulp Co., 139 Fed. 546, 71 C. C. A. 530, was one where the respondents were entitled to a plenary suit for the determination of their rights. In so holding, we deem it proper to say that we are in no way challenging or qualifying the right of the bankrupt court to proceed by its own incidental bankruptcy process in the many claims made in bankrupt estates, where the property of, or what at one time was the property of, the bankrupt, is found to be in the hands of third parties. The extent to which this power is exercised is well illustrated in Re Rieger, Kapner & Altmark (D. C.) 157 Fed. 609, where the commission and selling partnership, which was in bankruptcy, had as part of its assets a manufacturing corporation, and was the substantial owner of its stock. There the receivership of the partnership bankruptcy was extended to this subsidiary corporation, to whose property or substantial stock there was no other claimant.

But the present case has elements different from that case, and we do not regard it as decisive of the state of facts here involved. The facts and situation of the present case are such as in our judgment made the case one where a plenary action was the proper remedy. As such action will no doubt be brought, we deem it proper to abstain from any present discussion of the facts, and upon them, and as to whether any error in point of fact was committed by the referee or the court below in deciding the case, we express no present opinion. Having decided the jurisdictional question before us, and held the case was one for a plenary action, we leave the issue to that trial, unhampered by any present views.

The cause will therefore be remanded to the court below for further action in accord with this opinion.