## In re FLYNN.

(Circuit Court of Appeals, First Circuit. July 15, 1924.)

No. 1699.

**Bankruptcy ⬡288(1)—Plenary suit necessary to recover property from adverse claimant in possession.**

A court of bankruptcy *held* without jurisdiction by summary order to require the wife of a bankrupt to turn over to his trustee personal property in her possession, bank deposits in her name, or real estate, title to which was in her, ownership of which may only be determined by a plenary suit in equity to which she is a party.

Petition to Revise in Matter of Law the Proceedings of the District Court of the United States for the District of Massachusetts.

In the matter of James F. Flynn, bankrupt. Petition of Josephine M. Flynn to revise order of District Court. Reversed and remanded.

William H. Lewis, of Boston, Mass. (Isidore H. Fox, of Boston, Mass., on the brief), for petitioner.

Joseph J. Donahue, of Boston, Mass., for respondent.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

JOHNSON, Circuit Judge. This is a petition to revise in matter of law under the provisions of Bankruptcy Act, § 24b (Comp. St. § 9608), an order of the District Court of Massachusetts denying the petition of Josephine M. Flynn for a rehearing upon the order of the court affirming the finding and order of the referee directing the petitioner and James F. Flynn, the bankrupt to turn over certain assets to his trustee.

James F. Flynn was adjudicated a bankrupt in the United States District Court for the District of Massachusetts on August 1, 1922, and James H. Duffy was elected and qualified as trustee. The trustee filed a petition to have the bankrupt and his wife, Josephine M. Flynn, turn over to him certain assets. This petition came on for hearing before Arthur Black, referee, who found that "substantial sums of money, a large amount of securities, two automobiles and a parcel of real estate, all standing in the name of the bankrupt's wife, were in reality his property and should be turned over to the trustee," and entered an order to this effect on August 9, 1923.

The bankrupt filed a petition for review of said order, and the referee certified to the judge the question presented and his finding and order thereon, in which he stated that on the date of the petition in bankruptcy the bankrupt was the actual owner of certain bank deposits, automobiles, and real estate standing in the name of his wife, Josephine M. Flynn, and ordered her to deliver and transfer the same to the trustee; also that, upon compliance with all the terms of the decree, the trustee "shall forthwith pay to the said Josephine M. Flynn the sum of $3,000, or if the said Josephine M. Flynn so elects, and all other terms of this decree are complied with, the said Josephine M. Flynn may retain the above real estate in lieu of the herein men-

⬡For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

tioned $3,000, upon payment to the trustee by her of the sum of $3,-000" (sic).

The District Court confirmed this order, and the wife, Josephine M. Flynn, filed a petition for rehearing upon this order. The petitioner had never consented to the determination of her rights by any proceeding before the referee and appeared at the hearing before him in answer to a subpœna duces tecum.

In his certificate the referee states:

"In the course of administration of the above estate the trustee filed a petition seeking to have the bankrupt turn over certain assets alleged to be concealed. This petition came on for hearing before me and was tried at great length. After careful consideration I found that substantial sums of money, a large amount of securities, two automobiles, and a parcel of real estate, all standing in the name of the bankrupt's wife, were in reality his property and should be turned over to the trustee.  *  *  *

"Thereafter the trustee discovered, and Flynn now admits, that there were large sums on deposit in various banks throughout the commonwealth and in Providence, standing in the name of Flynn's wife, and also a substantial amount of government bonds and other valuable securities in safety deposit boxes also standing in the name of his wife. The trustee seeks to recover this property, claiming it to be the property of Flynn. Flynn and his wife resist the claim, and contend that the property is that of the Hotel Osborne Corporation."

The referee further found that the Hotel Osborne Corporation was used as a shield by the bankrupt; that it had no meetings and took no action in the usual corporate manner; that there was no record of any dividends paid by it; that the bankrupt kept large sums of money in its name, and later, when creditors pressed him, kept same sums in the name of his wife. He also found:

"There was some testimony which indicated that some years ago Mrs. Flynn did have a little money of her own, which she gave to her husband for use in the hotel business. The exact amount is not clear, but I am certain it is less than $3,000."

In order to avoid any possible injustice to the wife, the referee added a paragraph to his order, which gave her the right, after compliance with the other terms of the order, to accept $3,000 from the trustee, or to retain the real estate and pay the trustee $3,000, and stated that he believed some such provision was due her.

The petitioner did not comply with the order, and a petition was filed with the District Court, asking that she be adjudged in contempt. Action upon that petition has been stayed, awaiting action upon this petition.

In his petition for review, the bankrupt stated that the real estate standing in the name of the petitioner was purchased with money rightfully belonging to her; that the deposits standing in her name, which the referee found belonged to the bankrupt, were made with money rightfully belonging to her; that the bonds, which the referee found were actually owned by the bankrupt, were never owned by him, but were bought with funds of said corporation; and that the automobiles mentioned in the referee's findings never belonged to the bankrupt.

In her petition the wife states that at the time of the filing of the petition in bankruptcy, and for a long time previous thereto, she was

possessed of the money and deposits in the People's Savings Bank of Worcester, the Merchants' National Bank of Worcester, and the Industrial Trust Company at Providence, in her own right and separate estate from that of her husband, and that one of the automobiles, a Peerless sedan, is her own property; that the real estate which was directed by the finding and order of the referee to be deeded to the trustee was owned by her in her own right, separate and apart from the estate of her husband; and that the other property mentioned in the referee's order belonged to the Hotel Osborne Corporation, which was not made a party to the proceedings before the referee, and that she had no control over the same.

It clearly appears from the referee's certificate that a claim of ownership of all of said property, and particularly that standing in the name of the wife, was asserted at the hearing before him, and the first question raised is whether he had jurisdiction in the summary proceedings, to which she was not a party and to which she had not consented, to order her to turn over to the trustee the deposits standing in her name, and to execute to the trustee a deed of the real estate, title to which was in her, and also to transfer to the trustee the property standing in the name of the corporation.

The jurisdiction of the referee to hold property not in the possession of the bankrupt, or constructively in his possession, has lately been discussed in Weidhorn v. Levy, 253 U. S. 268, 40 Sup. Ct. 534, 64 L. Ed. 898, a case that arose in this circuit, which, it is true, was a suit brought by the trustee to recover property under section 70e of the Bankruptcy Act (Comp. St. § 9654); but the court there makes it clear that, in order to set aside conveyances made by the bankrupt, or to subject property not in his possession to the administration of the court of bankruptcy, a plenary suit is necessary. This was the decision of the court in Babbitt v. Dutcher, 216 U. S. 102, (30 Sup. Ct. 372, 377, 54 L. Ed. 402, 17 Ann. Cas. 969), where, at page 113, the court said:

"There are two classes of cases arising under the act of 1898 and controlled by different principles. The first class is where there is a claim of adverse title to property of the bankrupt, based upon a transfer antedating the bankruptcy. The other class is where there is no claim of adverse title based on any transfer prior to the bankruptcy, but where the property is in the physical possession of a third party or of an agent of the bankrupt, or of an officer of a bankrupt corporation, who refuses to deliver it to the trustee in bankruptcy.

"In the former class of cases a plenary suit must be brought, either at law or in equity, by the trustee, in which the adverse claim of title can be tried and adjudicated.

"In the latter class it is not necessary to bring a plenary suit, but the bankruptcy court may act summarily, and may make an order in a summary proceeding for the delivery of the property to the trustee, without the formality of a formal litigation.

"The former class falls within the ruling in the case of Bardes v. Hawarden Bank, 178 U. S. 524, and in the case of Jaquith v. Rowley, 188 U. S. 620, which hold that such a suit can be brought only in a court which would have had jurisdiction of a suit by the bankrupt against the adverse claimant, except where the defendant consents to be sued elsewhere.

"In the latter class of cases a plenary suit is not necessary, but the case falls within the rule laid down in Bryan v. Bernheimer, 181 U. S. 188, and

Mueller v. Nugent, 184 U. S. 1, which held that the bankruptcy court could act summarily."

See Taubel-Scott-Kitzmiller Co., Inc., Petitioner, v. David I. Fox et al., Trustees in Bankruptcy of Cowen Hosiery Co., Inc., Bankrupt, 44 Sup. Ct. 396, 68 L. Ed. ——, opinion April 7, 1924; In re Goldstein, 216 Fed. 887, 133 C. C. A. 91; In re Yorkville Coal Co., 211 Fed. 619, 128 C. C. A. 570, and In re Eddy (D. C.) 279 Fed. 919.

From the certificate of the referee it clearly appears that the petitioner was an adverse claimant of the deposits and other personal property standing in her name, and of the real estate to which she held the title, and that the right of the trustee to a transfer of these deposits and personal property and of a conveyance of the real estate to him can only be determined by a plenary suit in equity to which the petitioner is made a party, and that the referee was without jurisdiction in a summary proceeding to enter an order in regard to the same.

The order of the District Court, confirming the order of the referee, is hereby reversed, with costs to the petitioner in this court, and the case is remanded to the District Court, with direction to enter an order dismissing the petition of the trustee for want of jurisdiction so far as it relates to personal property claimed by Josephine M. Flynn or real estate to which she has the legal title.