## In re INDIANA FLOORING CO.

## B. & O. HIGHWAY TRANSP. CORPORATION v. IRVING TRUST CO.
### No. 41.

Circuit Court of Appeals, Second Circuit.
Jan. 23, 1933.

Thomas L. Zimmerman, Jr., of New York City (Oppenheimer, Haiblum & Kupfer, Milton P. Kupfer, and Eli S. Silberfeld, all of New York City, of counsel), for appellant.

McManus, Ernst & Ernst, of New York City (Irving L. Ernst and Lester D. Melzer, both of New York City, of counsel), for Irving Trust Company, as trustee, etc.

Before MANTON, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

MANTON, Circuit Judge.

The Indiana Flooring Company was adjudicated a bankrupt May 1, 1929. The B. & O. Highway Transportation Corporation, appellant, was organized in 1919, and its stock was issued to the four stockholders of the Indiana Flooring Company in proportion to their holdings in that corporation. Two automobile trucks for which the Indiana Flooring Company had contracted previously were delivered to the appellant when first organized, and the appellant gave a chattel mortgage therefor and later paid the sums secured by the mortgage. During the years thereafter, appellant purchased other trucks. The referee found that the Indiana Flooring Company's stockholders organized the appellant "to keep it free from any liability" which it (the Indiana Company) might incur from the hazardous nature of the trucking business. It is clear, however, that the organizers intended the appellant to be a separate entity and to carry on its business separately from the bankrupt. The bankrupt never owned, directly or indirectly, a single share of stock of the appellant. Dividends were declared by the appellant and paid to its stockholders for over eight years prior to the bankruptcy of the Indiana Flooring Company. Property was acquired by the appellant and paid for out of its earnings. It did all the trucking for the bankrupt, and was paid for its services at a price 20 per cent. less than the standard rate. It rendered trucking service for other dealers in lumber. In carrying on its business, it was entirely autonomous and distinct from the bankrupt. It had its own directors and officers, kept its own books and bank accounts, hired and paid its own employees, purchased and paid for its own supplies, and made returns and paid its own income taxes.

The referee's report, confirmed below, held that the appellant was "part and parcel of the Indiana Flooring Company, and its assets, which are wholly of an equitable nature, should be turned over to the Trustee. * * *" The appellant contests this summary order, directing it to turn over its assets to the trustee in bankruptcy of the Indiana Flooring Company, maintaining that it owns such assets and that its claim is adverse to that of the trustee and is not merely colorable.

The rule has long been settled that a trustee, to succeed in capturing summarily property held by a third party, must be able to show from facts which no fair mind can dispute that the claim to the property so held is so unsubstantial and obviously insufficient either in fact or in law as to be plainly without color of merit or a mere pretense. Harrison v. Chamberlin, 271 U. S. 191, 46 S. Ct. 467, 70 L. Ed. 897; In re Fuller, 294 F. 71 (C. C. A. 2); Lynch v. Roberson, 287 F. 433 (C. C. A. 6); In re Wood, 278 F. 355 (C. C. A. 2); Looschen Land & Bldg. Co. v. Wilson, 266 F. 359 (C. C. A. 3); In re Joseph R. Marquette, Jr., 254 F. 419 (C. C. A. 2); In re Yorkville Coal Co., 211 F. 619 (C. C. A. 2).

If there is substance to the claim of the appellant, the trustee must proceed in a plenary suit to decide the question of the title to the property and the right of possession thereto. May v. Henderson, 268 U. S. 111, 45 S. Ct. 456, 69 L. Ed. 870; American Finance Co. v. Coppard, 45 F. (2d) 154 (C. C. A. 5); In re Franklin Brewing Co., 263 F. 512 (C. C. A. 2); In re Dailey, 255 F. 529 (C. C. A. 2); In re Blum, 202 F. 883 (C. C. A. 7). Upon the facts stated, about which there is little dispute, the claim of the appellant is clearly more than colorable, and it was erroneous to enter the order below.

The authorities referred to below are not in point. In the case of In re Muncie Pulp Co., 139 F. 546 (C. C. A. 2), the court's opinion clearly shows that the adverse claimant corporation, wholly owned by the bankrupt, kept no books, had no independent assets, conducted no separate business, and had no

creditors, and that the property held by it belonged to the bankrupt. There was no substantial adverse claim and but one single control of the corporation's and the bankrupt's property. In the cases of Hamilton Ridge Lumber Sales Corp. v. Wilson, 25 F.(2d) 592 (C. C. A. 4), In re Eilers Music House, 270 F. 915 (C. C. A. 9), and In re Rieger, Kapner & Altmark (D. C.) 157 F. 609, it was clearly shown that the bankrupts owned all the stock of the respondents and dominated their activities. No such situation is presented in the case at bar. Appellant was a transportation company under the control of its own directors and officers, and sought profit for the benefit of its own stockholders. No basis exists to support the order.

Order reversed.