In the Matter of **MIRACLE MART, INC.,**
Debtor.

**No. 66 B 958.**

United States District Court
S. D. New York.
Aug. 6, 1968.

Ballon, Stoll & Shyman, New York City, for debtor.

Sahn, Shapiro & Epstein, New York City, for Franklin National Bank.

## MEMORANDUM OPINION

MOTLEY, District Judge.

This is a petition by the debtor, Miracle Mart, Inc., to review an order of the referee, Asa S. Herzog, which held that the Bankruptcy Court lacked summary jurisdiction to determine the debtor's rights to $22,475.00 set off by Franklin National Bank. Affirmed.

On December 10, 1966, Miracle Mart, Inc. had on deposit with Federation Bank and Trust Company ("Federation") the sum of $22,475.00. On that day, two creditors of the debtor served warrants of attachment against the bank account.

Three days later, Miracle Mart, Inc. filed a petition for an arrangement pursuant to Chapter XI of the Bankruptcy Act. A general restraining order was made—addressed to all persons, firms and corporations. This order was served on Federation on December 21, 1966 and Federation then transferred the balance of $22,475 from the debtor's checking account to its restricted ledger.

On December 19, 1966, a New York City marshal served a levy on Federation, based upon the aforesaid warrants of attachment. Federation refused payment because it had notice of the arrangement proceeding.

On April 12, 1967, Franklin National Bank ("Franklin") filed a claim, number 1288, in the arrangement proceeding, alleging that Miracle Mart was lawfully and justly indebted to it in the amount of $23,538.83.

On June 30, 1967 Federation was merged into Franklin, pursuant to an agreement dated January 5, 1967. Prior to June 30, 1967, the debtor had settled the claim of the creditors who had attached the Federation account. An order approving this compromise was made after June 30, 1967, and Franklin was notified of this order on or about July 17, 1967.

Upon the merger of Federation and Franklin, Franklin continued the same restricted ledger entry for the $22,475. After receiving the July 17, 1967, order approving the compromise, Franklin set off the $22,475 against the indebtedness of $23,538.83, and so notified the debtor.

The debtor moved for an order directing Franklin to release the $22,475. The referee held that the Bankruptcy court lacked summary jurisdiction over the controversy, and from this order, Miracle Mart brought this petition for review.

A bankruptcy court has the power to adjudicate summarily the rights and claims to property which is in the actual or constructive possession of the court. Cline v. Kaplan, 323 U.S. 97, 98, 65 S.Ct. 155, 89 L.Ed. 97 (1944).

However, if the property is *not* in the court's possession, as in the case before us, and a third person asserts a *bona fide* or substantial claim adverse to the bankrupt, he has a right to have the merits of his claim adjudicated in a plenary suit. Ibid. But if the adverse claim is frivolous, resting on mere pretense of law or fact, it is colorable, and the court may exercise its summary jurisdiction. In re Indiana Flooring Co., 62 F.2d 763 (2d Cir. 1933), cert. denied, Irving Trust Co. v. B & O Highway Transp. Co., 290 U.S. 627, 54 S.Ct. 47, 78 L.Ed. 546 (1933).

It is not necessary that the court believe that Franklin would win in a plenary suit to find that it is entitled to one. Martoff v. Elliott, 326 F.2d 204, 208 (9th Cir. 1963) "[i]f the bankruptcy court encounters substantial doubt about either the facts or the law controlling the defendant's claim, the defendant will be found to be asserting a substantial adverse claim of right. The court should not and will not usually proceed then and there to resolve the doubt." MacLachlan, Bankruptcy, 207 (1956).

■ The referee's view was that Franklin was asserting a substantial adverse claim. Section 68 of the Bankruptcy Act, 11 U.S.C. § 108, allows the set-off of mutual debts and credit except in two circumstances. There is no claim in this case that the exceptions contained in Section 68 are applicable here. The referee's view was that the required mutuality may be lacking in this case as Federation was not, when the petition was filed, a creditor of Miracle Mart, and, but for the attachments, would have had no just reason for refusing to turn over the deposit. This point apparently has never been decided. On the other hand, when the merger took place, and the attachments were vacated, Franklin then did have a claim to set off, which it did. There is substantial authority for the proposition that "the claim of a bank to ordinary deposits made by a bankrupt, based on an alleged right to offset indebtedness of the bankrupt to the bank, is an adverse claim and the bank is entitled to a determination thereof in a plenary suit." In re Eakin, 154 F.2d 717, 719 (2d Cir. 1946) and cases cited therein; see 2 Collier on Bankruptcy. ¶ 23.06[8].

■ There is, therefore, a substantial, and not frivolous, legal question involved in the determination of Franklin's right to off set the monies. Franklin's claim is not so "plainly without color of merit or a mere pretense;" In re Indiana Flooring Co., 62 F.2d 763, 764 (2d Cir. 1933) cert. denied, Irving Trust Co. v. B & O Highway Transp. Co., 290 U. S. 627, 54 S.Ct. 47, 78 L.Ed. 546 (1933). "The question raised by (Franklin) clearly involves a substantial question of law, and therefore it cannot be determined in a summary proceeding, except with (Franklin's) consent." In re Midtown Contracting Co., 243 F. 56 (2d Cir.), cert. denied, 245 U.S. 654, 38 S.Ct. 12, 62 L.Ed. 532 (1917).

This conclusion does not, however, dispose of the matter. Franklin, before it merged with Federation and set off the $22,475, had filed a claim for the monies Miracle Mart, Inc. owed to it, $23,538.83. The debtor argues that the filing of this claim by Franklin operated as a consent by Franklin to submit its right of set-off to the summary jurisdiction of the bankruptcy court.

■■ The right to have a bona fide adverse claim tested in a plenary suit, rather than by the summary jurisdiction of the bankruptcy court, may, of course, be waived by the claimant's consenting to the bankruptcy court's exercise of jurisdiction. MacDonald v. Plymouth County Trust Co., 286 U.S. 263, 52 S.Ct. 505, 76 L.Ed. 1093 (1932). Although it has sometimes been held that the filing of a claim operates as a waiver of objections to the summary jurisdiction of the bankruptcy court, Inter-state Nat'l Bank of Kansas City v. Luther, 221 F.2d 382 (10th Cir. 1955) and cases cited therein, 2 Collier on Bankruptcy ¶ 23.-08[6], mere filing of a claim is not always consent. In re Industrial Associates, Inc., 155 F.Supp. 866 (E.D.Pa. 1957); Morton G. Thalhimer, Inc. v.

Florance, 58 F.2d 23 (4th Cir. 1932); In re Bacon, 210 F. 129 (2d Cir. 1913).

In this case, the claim was filed by Franklin before the merger and at a time when there were no funds against which Franklin could claim the right of set-off. Franklin objected to summary jurisdiction at its first opportunity, in answer to the motion by Miracle Mart. "[T]he entire theory of modern federal procedure is contrary to the technical waiver and consent here asserted." In re Industrial Associates, Inc., supra 155 F.Supp. at 871. This court agrees with the referee that, under the circumstances here, the filing of a claim at a time when there was no right of set-off, was not, as a matter of law, consent to the summary jurisdiction of the bankruptcy court.

The order of the referee, dated January 18, 1968, is confirmed. The bankruptcy court lacked summary jurisdiction to adjudicate this controversy. The debtors' remedy is to proceed by means of a plenary suit against Franklin in the appropriate forum.