## In re HAYDEN.

(District Court, D. Massachusetts. May 28, 1908.)

### No. 12,477.

BANKRUPTCY (§ 288*)—JURISDICTION OF COURTS—PROCEEDING AGAINST ADVERSE CLAIMANT.

On the filing by a trustee in bankruptcy of a petition against third persons to whom it was alleged the bankrupt sold and transferred property belonging to his estate after the bankruptcy, asking a summary order requiring respondents to turn over such property, the referee had jurisdiction to inquire whether respondent's claim was substantial and really adverse and not merely colorable, but on a finding that it was adverse he was without jurisdiction to proceed further, and such jurisdiction was not conferred by the fact that respondents entered a general appearance, and, after a motion to dismiss was overruled, without further objection entered on a hearing on the merits.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 288.*

Jurisdiction of federal courts in suits relating to bankruptcy, see note to Bailey v. Mosher, 11 C. C. A. 313.]

In Bankruptcy. On petition for review of order by referee dismissing trustees' petition asking that the bankrupt and others be required to turn over certain property.

Henry P. Brown, for trustee.
F. Galloupe Woodbury, for bankrupt and Helen M. Hayden.
James P. Richardson, for C. H. & H. T. Robinson.

DODGE, District Judge. The trustee's petition, filed October 8, 1907, alleged that, before the bankruptcy, the bankrupt was tenant of a house in Boston under an unexpired lease; that before and after

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the bankruptcy he conducted a lodging house business therein; that the lease, furniture, possession of the house, business, and good will were sold and transferred after the bankruptcy, without the trustee's knowledge or consent, to one Robinson and his wife for $1,480; that the bankrupt or his wife had part of this money in their possession; that the property so sold belonged to the estate in bankruptcy and was omitted from the bankrupt's schedules in violation of law; that it had been wrongfully sold; and that the sale had passed no title to it as against the trustee. The petition prayed (1) that the bankrupt be ordered to pay over such proceeds of the sale as were in his possession or that of his wife; (2) that his wife be ordered to pay over such proceeds as were in her possession, enjoined from parting with such proceeds, and required to account for any and all such proceeds disposed of by her; and (3) that the Robinsons be enjoined from disposing of any of said property and ordered to turn it over to the trustee.

The bankrupt, his wife, and the Robinsons were summoned to show cause why injunction should not issue on this petition. A general appearance was filed on behalf of all of them on October 8, 1907. This appearance on the Robinsons' behalf was withdrawn October 25th; a general appearance for them having been filed by other counsel October 18th. In a motion to dismiss filed October 24th and amended November 13th the Robinsons asked that the petition be dismissed as to them for want of jurisdiction in the referee to set aside a transfer of property by the bankrupt's wife to them in summary proceedings. In this motion to dismiss Mrs. Hayden joined. The motion was denied on November 13th.

Thereupon, on the same day, a demurrer was filed on behalf of the Robinsons, and also an answer, which reserved their rights under the demurrer. Neither the answer nor the demurrer stated any objection to the referee's jurisdiction or contained any reservation of such objection. An answer was also filed on Mrs. Hayden's behalf. In this answer also no objection to jurisdiction was expressly saved. In these answers it was alleged that the property never belonged to the bankrupt or to his estate in bankruptcy, but was Mrs. Hayden's separate property, lawfully sold and conveyed by her to the Robinsons, who had in good faith paid her a fair consideration for it. On these pleadings, filed after the motion to dismiss had been denied, the referee heard the matter in dispute, and decided in favor of the respondents. The trustee thereupon brought this petition for review. No appeal has ever been claimed or taken in any form from the referee's ruling that he had jurisdiction of the petition. The respondents, however, have raised the question at the argument on the petition for review.

It was the referee's duty to inquire whether any basis for such a claim to the property as that asserted by the three respondents above named actually existed at the time of the filing of the petition. He was bound to enter upon that inquiry, and in doing so undoubtedly acted within his jurisdiction. It was for him to ascertain whether the respondents' claim to hold the property against the trustee was really adverse, as would appear from their answers, or was merely colora-

ble. Mueller v. Nugent, 184 U. S. 1, 15, 22 Sup. Ct. 269, 46 L. Ed. 405. For this purpose and to this extent he had jurisdiction to investigate the merits of the questions raised. If, however, as the result of his investigation he found the claim to be really adverse, it followed from that conclusion that he was without jurisdiction to proceed further. Louisville Trust Co. v. Comingor, 184 U. S. 18, 25, 22 Sup. Ct. 293, 46 L. Ed. 413; First National Bank v. Title & Trust Co., 198 U. S. 280, 291, 25 Sup. Ct. 693, 49 L. Ed. 1051.

The evidence before the referee and transmitted here with his certificate sufficiently shows the respondents' claim to be really adverse, and not merely colorable. The bankrupt had never had any title to the property. The trustee had never had possession of it. It was Mrs. Hayden's separate property before the bankruptcy and until she sold it to the Robinsons. The trustee's claim to it was based on Rev. Laws Mass. c. 153, § 10, and the fact that she had never filed the certificate there required. The trustee contended that because it was thus open to attachment or levy of execution in the suit of any creditor of her husband when the petition in bankruptcy was filed the adjudication vested title to it in him by virtue of section 70a (5) of the bankruptcy act (Act July 1, 1898, c. 541, 30 Stat. 565 [U. S. Comp. St. 1901, p. 3451]). He relied on Re Hammond (D. C.) 98 Fed. 845, 860. The respondents relied upon later decisions of the Supreme Court among which York Co. v. Cassell, 201 U. S. 344, 26 Sup. Ct. 481, 50 L. Ed. 782, may be particularly mentioned, and the fact that no creditor had ever attached the property or taken it on execution.

The referee went further than to ascertain that the respondents' claim was really adverse. He determined the merits of their claim in their favor, and dismissed the trustee's petition, holding that the adjudication had not vested the trustee with any rights in the property. Without consent on the respondents' part, not only had the referee no jurisdiction to make such a decision either in their favor or against them, but there was no jurisdiction in the bankruptcy court to pass upon the merits of the claim whether upon summary proceedings or in a plenary suit. The suit was not such a suit as is brought within the jurisdiction of the court by sections 23b, 60a, 67e, or 70e of the bankruptcy act as amended in 1903 (Act Feb. 5, 1903, c. 487, §§ 8, 13, 16, 32 Stat. 798, 799, 800 [U. S. Comp. St. Supp. 1907, pp. 1028, 1031, 1032]).

I do not think the respondents' consent can be inferred from the fact that the appearance for them was general in form instead of being special, nor from the fact that they entered into a hearing on the petition and answer. The referee was not wholly without jurisdiction, as has been pointed out, and, for the purposes of the hearing which it was within his province to conduct, the respondents were obliged to appear, answer, and attend before him. They could not rest upon their denial of jurisdiction alone because of the fact that, within the limits referred to, there was jurisdiction. I do not think that I ought to hold their consent to a decision on the merits implied, under such circumstances, from their general appearance, answer, and participation in the hearing, or to regard their objection to the jurisdiction, taken before their answer was filed or the hearing had, as waived. See Louisville Trust Co. v. Comingor, 184 U. S. 18, 26, 22 Sup. Ct. 293, 46 L. Ed. 413; First

National Bank v. Title, etc., Co., 198 U. S. 280, 289, 290, 25 Sup. Ct. 693, 49 L. Ed. 1051; Re Horgan et al., 158 Fed. 774, 777, 86 C. C. A. 130. Of course, they cannot consent if the decision is to be in their favor, and object if it is to be against them. It is true in the two last cases cited, as it is in other cases which might be cited, that objection to the jurisdiction was taken under a special appearance for that purpose. But in Louisville Trust Co. v. Comingor, no objection to the jurisdiction was taken in any form until after much progress had been made under the order to show cause. 184 U. S. 22, 23, 22 Sup. Ct. 295, 46 L. Ed. 413. The court said that the respondent "was ruled to show cause, and the cause he showed defeated jurisdiction over the subject-matter; that is, jurisdiction to proceed summarily." That he had made formal protest before the final order was entered was held enough to prevent the court from finding implied consent on his part. 184 U. S. 26, 22 Sup. Ct. 296, 46 L. Ed. 413.

In the same case the opinion that the respondent had not consented to jurisdiction is expressly stated to be given upon the assumption, "even if Comingor could have consented to be pursued in this manner." Upon the question whether he could so have consented or not no opinion is given. This was before the amendments of 1903. According to Re Teschmacher et al. (D. C.) 127 Fed. 728, section 23 of the bankruptcy act as then amended has not given to the adverse claimant in such cases the power to consent to a summary proceeding, although his consent may give jurisdiction in a plenary suit.

I am on the whole obliged to hold that the jurisdiction here claimed on the trustee's behalf to exist is not sufficiently well established to afford a satisfactory basis for proceedings wherein the court might be called upon to enforce its order, if against the respondents, by punishment for contempt. No opinion is therefore expressed as to the correctness of the referee's decision on the merits. The petition, however, must be dismissed for want of jurisdiction.