## In re TARBOX.

(District Court, D. Massachusetts. March 14, 1910.)

### No. 14,474.

BANKRUPTCY (§ 288*)—MORTGAGES—POSSESSION OF MORTGAGEE—RIGHTS—DETERMINATION.

Where a mortgagee of personal property previously belonging to the bankrupt had taken possession thereof, an allegation, in a petition by a trustee to compel her to surrender possession, that she had no more than a merely colorable interest in the property, and that the trustee intended to attack the mortgage on the ground that it was given in fraud of creditors, did not confer jurisdiction on the referee in bankruptcy to order a surrender of the property in summary proceedings.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 288.*]

In the matter of bankruptcy proceedings against James E. Tarbox. On petition to review an order of a referee dismissing the trustee's petition for an order requiring Lizzie M. Piper to turn over certain personal property. Order affirmed.

Charles W. Lovett, trustee, pro se.
Ralph W. Reeve, for Lizzie M. Piper.

DODGE, District Judge. The trustee's petition, filed June 7, 1909, sets forth facts which he had previously set forth in a report filed April 15, 1909. He alleges these facts to have been disclosed by the bankrupt's examination.

It appears from the facts thus set forth that the property which the trustee seeks to recover was not in the bankrupt's possession on January 16, 1909, which is the date of the bankruptcy. The petition alleges that Lizzie M. Piper had taken it into her possession January 9, 1909, under a mortgage covering it which the bankrupt had given her in December, 1907. That the indebtedness secured was not overdue, or that according to the terms of the mortgage she had no right to foreclose and take possession, as she did, is nowhere alleged.

The trustee alleges that she "has no more than a merely colorable interest in the property"; but his petition shows no other reason for describing her claim as "merely colorable" than is to be found in allegations that the mortgage given to her in 1907 was a fraudulent conveyance as to the bankrupt's creditors, or in allegations that, after the bankruptcy, the bankrupt and Mrs. Piper "so contrived" that she "was able to obtain a colorable interest" by foreclosing and taking possession under her mortgage on June 9, 1908.

The referee has jurisdiction under a summary petition to inquire and decide whether or not the claim under which property is held adversely to the trustee is merely colorable. But, unless he can find it merely colorable, he has no jurisdiction to proceed further. Re Hayden, 172 Fed. 623. He cannot hear and determine its merits under a summary petition, if there is a real controversy as to the merits. Plainly the trustee cannot enlarge the referee's jurisdiction merely by

---

alleging that the claim under which the property is held has no merits or is fraudulent, or by calling it "merely colorable," when no other reasons appear for so describing it than its alleged want of merit or fraudulent character.

In this case the referee was informed by the petition that the property had never been in the trustee's possession, that Mrs. Piper claimed it under a mortgage, and that the trustee intended to attack the mortgage on the ground that it was given in fraud of creditors and was, therefore, invalid as against him. I think the referee was right in holding that a mortgagee making such a claim could not be summarily ordered to surrender the property in her possession.

"The law is now settled that the interest of a third party in property claimed to belong to the bankrupt estate, which, at the time of the institution of the proceedings in bankruptcy, is in the possession of such third person, claiming an interest therein, can only be determined by an original suit brought for that purpose." Mound Mines Co. v. Hawthorne, 173 Fed. 882, 885, 97 C. C. A. 394, 397. To say that the trustee was bound to inquire whether the mortgagee's title was merely colorable, or not, would in this case be to say that he was bound to try the question whether the mortgage was fraudulent, or not, and to disregard the rule above stated.

If it be said that Mrs. Piper might have waived all objections to the referee's jurisdiction, had she been summoned, it is doubtful whether consent can give jurisdiction in summary proceedings. Woodman, Trustees in Bankruptcy, § 376, and cases cited. And a brief on her behalf against the jurisdiction has been filed at this hearing.

The referee's order of dismissal is approved and affirmed.