In re AUERBACH.

(Circuit Court of Appeals, Second Circuit. January 13, 1913.)

No. 61.

BANKRUPTCY (§ 116*)—ADVERSE CLAIM TO PROPERTY—PROCEEDING BY TRUSTEE
    FOR SUMMARY ORDER—PROCEDURE.

   An order by a District Judge, referring a petition by a trustee for a summary order requiring a third person to turn over money as a part of the bankrupt's estate to a special master, to take testimony and report his opinion, was not a final determination that the claim of such third person was merely colorable, which deprived the court of jurisdiction to subsequently direct the litigation of the matter in a plenary action, as recommended by the master.

   [Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 116.*]

Appeal from and Petition for Revision of Proceedings in District Court of the United States for the Southern District of New York; George C. Holt, Judge.

In the matter of Sidney Auerbach, bankrupt. Morris B. Arnold, trustee, appeals to review an order of the District Court. Affirmed.

Rosenberg & Levis, of New York City (J. W. Rosenberg and Cornelius W. Wickersham, of New York City, of counsel), for petitioner.

W. H. Chorosh, of New York City, for respondent.

Before LACOMBE, COXE, and NOYES, Circuit Judges.

LACOMBE, Circuit Judge. Petition in bankruptcy was filed in September, 1910. About a month prior thereto the bankrupt paid to Schwartz $1,000. The latter testifies that this was in payment of a loan he had made to the bankrupt some time before. On December 2, 1910, Schwartz deposited $500 in the savings bank, and made subsequent deposits of different sums till the total, with interest, amounted on September 7, 1911, to $1,858.

On September 30, 1911, the savings bank notified Schwartz that the trustee in bankruptcy had made a claim on the money he had on deposit. Thereupon October 5, 1911, he brought an action against the bank in the state Supreme Court to recover the amount of his deposit. In due course the state court on November 2, 1911, directed that the trustee be brought in as a party defendant, which was done. On October 20, 1911, the trustee filed petition for a summary order directing Schwartz and the bank to turn the $1,000 over to him as being part of the bankrupt's estate. On November 2d the District Court entered an order referring the issues raised by petition and answer to a special master, to take testimony and report whether "the trustee is entitled to receive the said $1,000, as prayed in the petition." It also enjoined Schwartz and the bank from taking any further steps in the interpleader action. The special master took testimony. The affidavit and answer of Schwartz was produced and referred to, without objection by trustee's counsel. Schwartz was called as a witness for the trustee, and was examined and cross-examined.

The special master reported February 26, 1912, that in his opinion the application to compel Schwartz summarily to turn over the $1,000 should be denied, but that an injunction should be continued against him and the bank to await the result of the state court action. The matter then came before the District Judge, who filed an order, March 22, 1912, allowing Schwartz to prosecute his state court action, and enjoining him and the bank from disposing of the $1,000 pending its determination.

It may be noted that the special master did not pass upon the precise question submitted to him. He did not decide whether the $1,000 belonged to Auerbach or to Schwartz. The District Judge, however, was under no obligation to send the matter back to the special master. He had all the testimony either side cared to produce, and could, if he chose, determine whether or not upon the record, the claim of adverse title was merely colorable. If it were not merely colorable, the controversy was one to be decided, not summarily, but in a plenary action.

It was suggested on the argument that the first order of the District Judge decided that the claim was merely colorable, and that it should

202 F.—13

be disposed of summarily, and that, therefore, the judge had no power subsequently to overrule his first order. We do not thus construe such order. It was in no sense a final one. It merely directed the special master to take the testimony and report his opinion. The judge may then have been of the impression that the claim was colorable, but examination of the testimony subsequently taken may have changed that impression. Why he lost the power to make such an order as the facts called for, because he had made a prior order directing the facts to be ascertained, we fail to see.

It is not necessary to discuss the merits. The special master found discrepancies in Schwartz's testimony, and apparently doubted the accuracy of some of his statements; nevertheless he reached the conclusion that enough was shown to entitle him to have the question of title disposed of in a plenary suit. The District Judge found the case was "undoubtedly a very suspicious one"; nevertheless he thought it preferable to have it so tried. Such a plenary suit being then pending in the state court, the case was appropriately left to it to decide.

There is nothing in the evidence which induces us to differ with the master and the District Judge, and the order is therefore affirmed, with costs.