**In re HUNTINGTON WOODWORKERS, Inc.**

(District Court, E. D. New York. March 22, 1926.)

No. 13159.

**1. Bankruptcy ⬤288(1).**

Referee in bankruptcy, in turn-over proceeding brought by trustee, had right to examine into claim of creditor receiving property alleged to have been consigned for sale and certain sums as proceeds thereof, in order to determine if claim was merely colorable.

**2. Bankruptcy ⬤288(1)—Title of creditor in possession of money and property, turned over by bankrupt under claim of ownership, was more than merely colorable, and summary proceeding by trustee would not lie; remedy being by plenary action.**

Where creditor was in possession of property alleged to have been sent to bankrupt on consignment and money as proceeds thereof under claim of ownership, its title thereto was more than merely colorable, and summary proceeding by trustee would not lie; remedy being a plenary action.

**3. Bankruptcy ⬤288(1).**

Where money and property were in possession of bankrupt's creditor under claim of ownership previous to filing petition in bankruptcy, trustee did not have constructive possession, and could not bring summary proceeding for its recovery.

**4. Bankruptcy ⬤288(1).**

Although transaction, where creditor had bona fide claim for more than value of property and money turned over to him by bankrupt, may be shown in plenary action to be preferential or fraudulent, trustee's remedy is not by summary proceeding.

In Bankruptcy. In the matter of the bankruptcy of the Huntington Woodworkers, Inc. On motion to review an order of the referee directing the C. R. Macaulay Corporation and another to turn over to the trustee a certain sum of money. Petition to review granted, order vacated and set aside, and turn-over petition dismissed without prejudice.

Order affirmed in 15 F.(2d) 877.

Hovell, McChesney & Clarkson, of New York City (Sidney A. Clarkson, of New York City, of counsel), for C. R. Macaulay Corporation and Charles R. Macaulay.

Archibald Palmer, of New York City (Max L. Rosenstein, of New York City, of counsel), for trustee.

CAMPBELL, District Judge. This matter comes before this court on a motion to review the order of the referee in a turn-over proceeding brought by the trustee of the above-named bankrupt against the C. R. Macaulay Corporation and Charles R. Ma-caulay, in and by which order the referee directs the said C. R. Macaulay Corporation and Charles R. Macaulay to turn over to the trustee of the above-named bankrupt the sum of $5,007.75.

The said C. R. Macaulay Corporation claims to have sold to the said above-named bankrupt upon consignment certain merchandise, upon which there was due a sum of money in excess of $5,007.75, on the 1st day of April, 1925, when Robert Haugaard was about to leave the business and go to Florida, at which time the said above-named bankrupt was also indebted to various other creditors in a large amount. Charles R. Macaulay, who was the president of C. R. Macaulay Corporation, thereupon procured the election by the above-named bankrupt of Eugene Martin, its bookkeeper, a man 20 years of age, as its president, and of Charles O. Yeaton, an employee of C. R. Macaulay Corporation, as a director.

Thereafter, and before the filing of the petition in bankruptcy, Charles R. Macaulay and the C. R. Macaulay Corporation, with the assent of Eugene Martin, the president of the above-named bankrupt, proceeded to take certain property from the yard of the above-named bankrupt, claiming it to be the property of the above-named C. R. Macaulay Corporation, which had been sent to the bankrupt on consignment. Of the property so taken the said Eugene Martin, president of the above-named bankrupt, identified one load of white pine as goods which had been sent by C. R. Macaulay Corporation to the above-named bankrupt on consignment, and it does not clearly appear that this was eliminated by the referee from the value of the property directed to be turned over by the Macaulays.

During this time the said above-named bankrupt also collected certain money, which was paid over to Charles R. Macaulay, who claims that it was the proceeds of sale by the above-named alleged bankrupt of property which had been sent to the bankrupt by said C. R. Macaulay Corporation on consignment, which had not been paid to said corporation as provided by the terms of such consignment. The referee has held that the claim of Charles R. Macaulay and C. R. Macaulay Corporation is merely colorable, and has directed them to turn over to the trustee, not the property so taken from the above-named bankrupt, but what he has found to be its value, together with the money which had been paid by the above-named bankrupt to Charles R. Macaulay as aforesaid.

[1] The referee had a right to examine in

the first instance, to see if the claim of Charles R. Macaulay and C. R. Macaulay Corporation was merely colorable. In re Hayden (D. C.) 172 F. 623; In re Tarbox (D. C.) 185 F. 985; In re F. M. & S. Q. Carlile (D. C.) 199 F. 613; In re Yorkville Coal Co., 211 F. 619, 128 C. C. A. 570.

[2] The finding of the referee that the claim of Charles R. Macaulay and C. R. Macaulay Corporation was merely colorable does not seem to be sustained by the evidence, because, at the time of the filing of the petition in bankruptcy against the above-named bankrupt, the property and money in question were in the possession of the said Charles R. Macaulay and C. R. Macaulay Corporation under a claim of ownership, and, if its claim was more than merely colorable, then the trustee would not have even constructive possession, and the summary proceeding to turn over would not lie, but the remedy of the trustee would be to bring a plenary action. Mound Mines Co. v. Hawthorne, 173 F. 882, 97 C. C. A. 394; In re Auerbach, 202 F. 192, 120 C. C. A. 406; In re Yorkville Coal Co., supra.

The referee has found that the above-named bankrupt had given notes for the whole amount due to Charles R. Macaulay and C. R. Macaulay Corporation from said bankrupt before such goods were removed or money paid, but the evidence does not seem to me to bear that interpretation; on the contrary, it would seem that, at the time the bankrupt turned over the property and money to the Macaulays, there was a considerable sum due to said C. R. Macaulay Corporation from the above-named alleged bankrupt, for merchandise claimed to have been sent by it to the bankrupt, for which notes had not been given at the time the said property was allowed to be taken and the money paid; and in any event it appears that one load of white pine, being a portion of the property taken, was conceded by the president of the bankrupt to have been consigned to it by the C. R. Macaulay Corporation, and the money so received, less the money advanced to the bankrupt to pay running expenses, was credited to the bankrupt on account of goods sold on consignment.

[3] All this occurred prior to the filing of the petition in bankruptcy, and at the time of the filing of such petition such property and money were in the possession of Macaulay personally, or his corporation, under a claim of ownership, and therefore the trustee did not have constructive possession, and cannot succeed in a summary proceeding.

[4] If the said property, except the load of white pine taken by Macaulay or his corporation, was not theirs by virtue of the same having been sent to the bankrupt on consignment, and if the money paid was not the price received by the bankrupt from the sale of consigned goods, still the property was turned over and the money paid by the bankrupt to Macaulay personally or his corporation, who were creditors having what appears to have been a bona fide claim, for much more than the value of such property and such money, for which no notes had been given, and, while the transaction may be shown in a plenary action to be preferential, or even fraudulent, still such claim is more than merely colorable, and the trustee's remedy is by a plenary action, and not by the summary proceeding to turn over.

Charles R. Macaulay and the C. R. Macaulay Corporation have all through these proceedings protected their rights by the proper objections and have not submitted themselves to the jurisdiction of this court.

The petition to review should be granted, the order vacated and set aside, and the petition dismissed without prejudice to the right of the trustee to bring a plenary action.