## In re FARROW.

(District Court, D. Massachusetts. May 5, 1926.)

No. 34550.

1. **Bankruptcy ⊙⟐288(1)—Referee held without authority to weigh evidence and determine merits of adverse claim.**

In summary proceedings to require property turned over to a trustee by a third person, who claims adversely, the referee has jurisdiction to determine whether there is any foundation for the claim, or whether it is merely colorable; but he may not, in making such inquiry, receive and weigh evidence and determine the question on the merits of the claim.

2. **Bankruptcy ⊙⟐288(1)—Referee held without jurisdiction by summary order to require wife of bankrupt to turn over property.**

Referee *held* without jurisdiction by summary order to require wife of bankrupt to turn over money and security in her possession, the proceeds of real estate which was in her name.

In Bankruptcy. In the matter of Henry E. Farrow, bankrupt. On review of order of referee requiring Margaret Farrow, wife of bankrupt, to turn over property. Order vacated.

Benjamin Levin, of Boston, Mass., for trustee.

Charles J. Miller, of Boston, Mass., for Margaret M. Farrow and others.

BREWSTER, District Judge. This matter is before me upon a referee's certificate, to review his order, entered in summary proceedings, requiring Margaret Farrow, the wife of the bankrupt, to turn over to the trustee a real estate mortgage of $2,000 and cash amounting to $500.

[1] It is obvious from the report that Margaret Farrow claimed interest in the property adverse to the rights of the bankrupt estate, and it was within the jurisdiction of the referee to receive evidence bearing upon the merits of the controversy to determine whether there was any foundation for an adverse claim. In re Hayden (D. C.) 172 F. 623. This jurisdiction of the referee cannot be defeated by the mere assertion of a claim. Mueller v. Nugent, 184 U. S. 1, 22 S. Ct. 269, 46 L. Ed. 405; May v. Henderson, 268 U. S. 111, 45 S. Ct. 456, 69 L. Ed. 870.

The referee found that the claim was colorable only. The facts upon which he reached this conclusion, I assume, are fully set forth in the certificate on review. From the record, it appears that, while solvent, the bankrupt sold an interest in his business and deposited the proceeds, amounting to $5,000, in a savings bank in the name of his wife, the claimant; that subsequently this money was withdrawn by the bankrupt and used in acquiring real estate in East Boston. It appears inferentially that the record title to the real estate acquired stood in the name of the wife, and that the balance of the purchase price, amounting to $15,000, was paid by two mortgages executed by her. This property was improved by the bankrupt out of funds derived from his business, and was subsequently sold, subject to the mortgages, for $2,500, which sum was paid by note for $2,000, secured by a junior mortgage on the real estate, and cash, $500. The mortgage ran to Mrs. Farrow, who now is the holder of record. It is this mortgage and this cash that the referee has ordered Mrs. Farrow to turn over to the trustee in bankruptcy.

[2] After careful consideration of the facts, and the decisions bearing upon the powers of the referee to act in summary proceedings, I am reluctantly brought to the conclusion that the referee exceeded his authority, and not only went into the merits of the controversy, for the purpose of determining whether there was any basis for the adverse claim, but also for the purpose of determining the validity of that claim. I am unable to distinguish the case from In re Flynn, 300 F. 693, where a similar order of the referee was reversed by the Circuit Court of Appeals for this district. The evidence of the bankrupt's wife respecting her right to retain the property was, in that case, more persuasive than it is in the case now under consideration; but it is not within the province of the referee to weigh the evidence, for the purpose of determining whether the transfer of the property to the wife was in fraud of creditors, or on other grounds could be avoided by the trustee. These questions can only be determined in a plenary suit. In re Tarbox (D. C.) 185 F. 985; Babbitt v. Dutcher, 216 U. S. 102, 30 S. Ct. 372, 54 L. Ed. 402, 17 Ann. Cas. 969; Weidhorn v. Levy, 253 U. S. 268, 40 S. Ct. 534, 64 L. Ed. 898; The Redmond Cases (C. C. A.) 9 F.(2d) 209.

The trustee has urged that the alleged adverse claimant consented to jurisdiction. Without deciding whether consent can give jurisdiction in summary proceedings (In re Tarbox, supra), I am satisfied from the record that before the order was entered objections to jurisdiction were adequately made. Louisville Trust Co. v. Comingor, 184 U. S. 18, 22 S. Ct. 293, 46 L. Ed. 413; In re Hayden, supra.

The order of the referee, therefore, is vacated.