In the Matter of NORTHERN STEEL CORPORATION, Successor to Northern Electric Steel Corporation, Bankrupt.

No. 68951.

United States District Court,
N. D. Ohio, E. D.
Oct. 11, 1954.

Ralph H. Coleman, Cleveland, Ohio, Trustee.

Hugh Wells, Henry B. Johnson, Cleveland, Ohio, Benjamin Jaffe, Detroit, Mich., for Trustee.

Louis F. Davis, Detroit, Mich., Trustee of Northern Electric Steel Corp.

Weiswasser, Jaffe & Radner, Detroit, Mich., Garfield, Baldwin, Jamison, Hope & Ulrich, Cleveland, Ohio, for Davis, Trustee.

JONES, Chief Judge.

This matter is before the court on review of an order of the Referee in Bankruptcy, approving the compromise of certain claims and barring Louis F. Davis, Trustee in Bankruptcy of the Northern Electric Steel Corporation, a Michigan corporation, which bankruptcy is pending in the United States District Court, Eastern District of Michigan, Southern Division, from prosecuting any claims in that court which are the subject of the compromise approved here.

The Northern Steel Corporation is an Ohio corporation. The Northern Electric Steel Corporation is a Michigan corporation. Messrs. Haueisen, Gathmann and Easly were the sole stockholders, directors and officers of both corporations. On February 15, 1952, when faced with imminent insolvency, all the business and assets of the Northern Electric Steel Corporation were transferred to the Northern Steel Corporation. On February 28, 1952 a voluntary petition in bankruptcy was filed by the Northern Steel Corporation in this court. On March 11, 1952 an involuntary petition was filed against the Northern Electric Steel Corporation in Michigan. Both courts subsequently appointed a Trustee, Mr. Coleman by this court, and Mr. Davis, the petitioner, by the court in Michigan. Subsequently, the Ohio Trustee, Mr. Coleman, requested the Referee in this court to approve a compromise settlement of $14,000 on a claim against Haueisen, Gathmann and Easly for allegedly creating a creditor's pref-

erence in their favor by fraudulently causing several automobiles belonging to the Michigan corporation to be transferred to them at a loss to the corporation. Mr. Davis, the Michigan Trustee, did not approve the compromise, but instead instituted suit in the Michigan court based on the same claim wherein he prayed for $106,641.27. Haueisen, Gathmann and Easly have demanded, as a condition to settlement or compromise, that Davis be barred from prosecuting his suit. Accordingly, such an order was issued by the Referee in this court.

The only issue of concern upon review is whether the Referee has the power to bar the Michigan Receiver from prosecuting his suit in the United States District Court in Michigan.

It is evident that Davis, the Michigan Trustee, was never within the jurisdiction of this court save only to enter a special appearance to contest the court's jurisdiction over him. At no time does it appear that he made a general appearance. It follows that unless the Bankruptcy Court has special powers beyond the traditional concepts of equity, an order acting in personam is ineffective to operate upon one without the jurisdiction of the court. See Cline v. Kaplan, 323 U.S. 97, 65 S.Ct. 155, 89 L.Ed. 97; In re Burofsky, D.C., 64 F.Supp. 128.

On page 7 of the Referee's Certificate it is stated that "in neither case has a party in interest applied for determination by the court as to which court should hear this bankruptcy proceeding, as permitted by Section 32 and General Order 6 * * *" of the Bankruptcy Act, 11 U.S.C.A. § 55 and following section 53. Thus, there has been no action taken, no hearing had, and no order made determining the question of the propriety of transfer and consolidation provided by Section 32 and General Order 6.

While assets of the Michigan company may have been transferred to the Ohio corporation by action of the Directors before bankruptcy, the Michigan bank-

ruptcy never was transferred and consolidated with the Ohio case.

■ Although it is true that the fiction of corporate entity may be disregarded in some circumstances, here the separate corporations were adjudicated as bankrupts in separate jurisdictions, and certainly where no application, hearing, and order of determination have been had and made as provided by the applicable Section and General Order, the two cases remain pending in their respective jurisdictions. This being so, the Michigan Trustee is not bound by the action of the Ohio bankruptcy court and under such circumstances should be permitted to proceed with his action against the former officers in the Michigan bankruptcy court.

■ While it appears to be true that the Michigan Trustee after entering a special appearance for the purpose of objecting to the Ohio jurisdiction, his local attorneys took part in the subsequent hearing on the petitions to compromise, nevertheless, I do not find that he thus waived his right to object to, or thereby conferred jurisdiction so as to bar his right to proceed against the officers in the Michigan bankruptcy, and particularly since it was from the Michigan corporation that the officers made the alleged preferential and fraudulent transfer of that company's automobiles to themselves. That this procedure was the original purpose and agreement of the parties is evidenced by the recital in the Ohio Trustee's brief: "It was agreed that all preferences should be handled by Benjamin Jaffe in Detroit, and also the liquidation of the assets up there and all the other proceedings should be held in Cleveland". In the absence of a statutory consolidation of the cases, that was the proper procedure.

■ Although the memoranda submitted seem to rely upon special powers in bankruptcy which would permit the court to extend an in personum order beyond its jurisdictional pale, no authority has been cited in support of such power. Where express statutory provision exists covering the subject of jurisdiction in such cases as we have here, there is no occasion to consider special or implied powers. A bankruptcy court, given exclusive jurisdiction of the estate res wherever it may be found, has the accompanying power to protect that exclusive jurisdiction wherever and whenever it is infringed upon. Such power is not likely to include the right to enjoin in personam one not within the jurisdiction of the court from prosecuting a claim in another forum, not against the bankrupt corporation, or involving any of its assets, but against three individuals whose liability is not that of the corporation.

Therefore, it not appearing that the Referee had the requisite jurisdiction over Davis, his order to bar must be set aside, and it is so ordered.

### Supplemental Memorandum

Upon reconsideration of the Memorandum on Review, filed October 5, 1954, setting aside the Referee's order to bar Davis, Trustee, it has become apparent to the Court that the order on review should go further than indicated by the memorandum since the Referee, by his order, was intending to "settle and satisfy any and all claims between Ralph H. Coleman, Trustee of the Northern Steel Company and Louis F. Davis, Trustee of the Northern Electric Steel Company, and Mark Gathmann, W. L. Haueisen and James Easly." In order to effectuate the action of the Court and fully dispose of the review consistent with the relief sought by Davis, Trustee, the order of this Court should provide for the setting aside and reversal in toto of the Referee's order or journal entry of June 30, 1953.